**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GERALDINE FELICIANO,**

       **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:15-cv-1396-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for disability insurance benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for benefits, alleging she became disabled October 7, 2012 (R. 162-66). The agency denied Plaintiff's application initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ"). On March 19, 2015, the ALJ issued an unfavorable decision, finding Plaintiff to be not disabled through that date (R. 19-45). The Appeals Council declined to grant review (R. 3-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed her Complaint (Doc. 1), the parties consented to the jurisdiction of the undersigned magistrate judge, and the matter is fully briefed and ripe for review pursuant to 42 U.S.C. §405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to schizophrenia, paranoia, bipolar disorder, severe anxiety attacks, and severe depression and psychosis (R. 199).

*Summary of Evidence Before the ALJ*

Plaintiff was thirty nine years old at her alleged disability onset date (R. 162), with an associate's degree (R. 200), and past relevant work as a customer service representative, telephone order clerk, order picker, and personnel clerk (R. 63-64, 201, 206, 211-15, 289, 292).

In the interest of privacy and brevity, the medical evidence relating to the pertinent time period will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records and opinions of her healthcare providers, the record includes the testimony of Plaintiff and a Vocational Expert; written forms and reports completed by Plaintiff and her husband; and opinions from state agency consultants.

By way of summary, the ALJ determined that the claimant has the following severe impairments: bilateral shoulder impingement, dyslipidemia, hypothyroidism, obesity, bipolar disorder and a history of alcohol abuse (20 CFR 404.1520(c)) (R. 25), but does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 25-27). The ALJ next found that Plaintiff had the residual functional capacity ("RFC") to:

> perform less than the full exertional range of medium work as defined in 20 CFR 404.1567(c). The claimant can lift, carry, push and/or pull fifty (50) pounds occasionally and twenty-five (25) pounds frequently. The claimant can stand and/or walk for approximately (6) hours in an 8-hour workday with normal breaks. The claimant can sit for approximately six (6) hours in an 8-hour workday with normal breaks. Reaching overhead would be limited to occasionally. The claimant's work would be limited to simple, routine, and repetitive tasks. She should have no interaction with the general public unless it is merely superficial. Additionally, the claimant can only have occasional interaction with co-workers and supervisors.

(R. 27).

Relying on the assistance of the Vocational Expert, the ALJ determined that Plaintiff could not perform her past relevant work (R. 38), but, considering her age, education, work experience, and

residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that she can perform, and Plaintiff was therefore not disabled (R. 39-40).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff asserts that the ALJ erred in 1) failing to adequately weigh the medical evidence, particularly the opinion of the treating physician; 2) finding that the claimant was "not entirely

credible;" and 3) relying on flawed Vocational Expert testimony. The Court examines these issues in the context of the sequential assessment used by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Evaluating Medical Evidence*

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r, Soc. Sec. Admin.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the

-4-

physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. *Lewis,* 125 F.3d at 1440.   By contrast, a consultative examiner's opinion is not entitled to the deference normally given a treating source. *See* 20 C.F.R. § 404.1527(c)(2); *Crawford v. Comm'r, Soc. Sec. Admin.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (noting a one-time examiner's opinion is not entitled to great weight). Nonetheless, all opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. *See* 20 C.F.R. §§ 404.1527, 416.927, and *Winschel*.

Applied here, Plaintiff contends that the ALJ erred in his review of the medical evidence and evaluation of the opinions of treating psychiatrist Balinder S. Chahal, M.D., and the assessment of Joseph DeLuca, M.D., Ph.D., a one time examiner who evaluated Plaintiff at the request of her representative.

The ALJ gave "minimal weight" to the opinions of treating psychiatrist Dr. Chahal, finding his opinions to be "disproportionate" and "extreme when compared to Dr. Chahal's overall mental status examinations." (R. 36).   The ALJ explained this conclusion in detail, noting:

> Dr. Chahal opined the claimant has mostly marked limitations with understanding and memory; concentration and persistence; and adaptation (Exhibit 9F). Dr. Chahal observed during the many mental status examinations that the claimant's orientation was fair; thoughts were clear, coherent and logical; thought process were goal directed, organized and logical; the claimant was alert and oriented in three or four

spheres; attention and concentration were intact; and the fund of knowledge was average. Additionally, it was observed that recent and remote memory was intact for the most part; and the claimant was focused and attentive for much of treatment (See Exhibits 3F-4F, 6F and l4F). Furthermore, psychiatrist Dr. Romain consistently observed the claimant had logical thought process; was oriented in all four spheres; and memory was either intact or improving (Exhibit 11F).

Dr. Chahal further opined the claimant has mostly moderate to marked limitations with social interactions (Exhibit 9F). Yet, it was noted during many of the examinations administered, the claimant exhibited overall, a euthymic mood. Furthermore, the claimant was regularly cooperative with good eye contact; she mostly had normal speech; and for the most part, psychosis was not present. Many times, it was observed the claimant had no abnormal thought content, including suicidal or homicidal ideations (See Exhibits 3F-4F, 6F and 14F). In fact, psychiatrist Dr. Romain consistently observed the claimant's affect was appropriate; speech was clear and goal oriented; and she did not express suicidal or homicidal ideations (Exhibit 11 F).

Underscoring the opinions were disproportionate, the GAF scores given by Dr. Chahal were mostly mild and at worst, only moderate (Exhibits 3F-4F, 6F and l4F). Even on the mental impairment questionnaire, Dr. Chahal determined the GAF was 54, indicate [sic] of moderate levels (Exhibit 9F).

Dr. Chahal further concluded that the claimant is permanently unable to work (Exhibit 9F). However, this is an area outside Dr. Chahal's expertise and there is no evidence that other mental health and physicians were consulted. In addition, Dr. Chahal's opinion cannot be accepted because a statement by a medical source that the claimant is "disabled" or "unable to work" is not an opinion as to the nature and severity of the claimant's impairment. and therefore, an issue reserved to the Commissioner (20 CFR 404.1527(e) and SSR 96-5p).

(R. 36).

Plaintiff objects to this analysis, contending that the treatment notes could support the limitations found by Dr. Chahal. While the Court does not disagree with this assertion, it is of no moment here. As noted in the standard of review, the issue is not whether the evidence could support a different conclusion; the issue is whether *this* conclusion is supported. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir.2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Here, the

rationale provided by the ALJ is amply supported by the substantial evidence he cites. *See* R. 362, 364, 366, 368, 372, 375, 379, 382, 385, 394-95, 399-400, 404, 574-75, 579-80, 584, 642-645, 656, 662-63, 669, 675, 678, 683.

Next, Plaintiff asserts that the ALJ "failed to cite to any medical or legal authority that the extensive abnormalities identified by the treating psychiatrist cannot cause the limitations described by Dr. Chahal" and the ALJ "could not substitute his interpretation of the mental status findings for the treating expert's opinions." As noted by the Commissioner, it is not the ALJ's burden to create evidence to prove or disprove an opinion of a physician; rather, the ALJ is tasked with weighing the opinion against the evidence. *See, e.g.*, 20 C.F.R. § 404.1527(c)(3);.[1] *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007) ("The ALJ did not substitute his judgment for that of Dr. Bryant; rather, he determined that Dr. Bryant's opinion was inconsistent with objective medical evidence in the record.").

Plaintiff further claims that the ALJ erred in relying on the non-examining state agency physicians and the Global Assessment of Functioning ("GAF") scores to discount Dr. Chahal's opinion. The ALJ did not cite the non-examining reviewers opinions as a reason for discounting Dr. Chahal's opinion, but relied on other reasons – most notably the inconsistencies between the opinion and the treatment notes and evaluations of both Dr. Chahal and treating psychiatrist Josette Romain, M.D. (R. 36). Moreover, while use of the GAF scale in the social security context may be questionable,[2] here, the GAF scores were cited as evidence that Dr. Chahal's opinion of extreme

---

[1]In pertinent part:
(3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion.

20 C.F.R. § 404.1527(c) (3).

[2]*See Wind v. Barnhart*, 133 F.App'x 684, 692 n. 5 (11th Cir. 2005) (citing 65 Fed. Reg. 50746 and noting that Defendant "has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs'").

-7-

limitations was inconsistent with his own contemporaneous evaluations of Plaintiff. In this context, the Court sees no error. *See McGriff v. Comm'r, Soc. Sec. Admin.*, No. 15-14585, 2016 WL 3553213, at *2 (11th Cir. June 30, 2016) (per curiam) (unpublished) ("In April 2011 McGriff obtained a [GAF] score of 52, in July 2011 she obtained a score of 54, and in April 2012 she obtained a score of 67. Those scores are not only consistent with the ALJ's finding that McGriff was not disabled, they support it."). In sum, the Court finds the ALJ's evaluation of the opinion of Dr. Chahal to be supported by substantial evidence and formulated in accordance with proper legal standards.

The ALJ also gave "minimal weight" to the opinions from examining psychologist Dr. DeLuca (R. 37). The ALJ detailed several reasons for this finding; noting that Dr. DeLuca's opinions were inconsistent with his own examination findings, the examination findings from Dr. Chahal and Dr. Romain, and the GAF scores in the record. The ALJ noted that Dr. DeLuca relied on "highly subjective reports" while "objective information such as the mental status examination is more persuasive." (R. 37). The ALJ also found the opinions less credible because:

> this was a one-time evaluation and the claimant was examined not for treatment but in an effort to generate evidence to show the claimant was disabled. I acknowledge that Dr. DeLuca's examination and evidence are certainly legitimate and deserves due consideration. However, the context in the production of this examination, coupled with the above discussed inconsistencies, cannot be ignored.

(R. 37).

To the extent Plaintiff reiterates the arguments made in connection with the weight given to Dr. Chahal's opinion, these arguments are not persuasive for the reasons stated above. To the extent Plaintiff contends the ALJ erred in considering the circumstances of obtaining the examination, this is not sufficient to warrant remand.

As the Commissioner points out, the extent of the treatment relationship is one of the factors the ALJ properly considers in weighing an opinion. 20 C.F.R. § 404.1527(c)(2). As a one-time examiner, Dr. DeLuca's opinion is not entitled to any deference. *See McSwain v. Bowen*, 814 F.2d

617, 619 (11th Cir. 1987) (citing *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986)). Nonetheless, the ALJ did not ignore the opinion but explicitly noted that Dr. DeLuca's "examination and evidence are certainly legitimate and deserves due consideration."  The administrative decision shows that the ALJ carefully evaluated Dr. DeLuca's findings, compared them to other medical findings of record, and described in particular detail why the findings were not persuasive.  In view of these particularized findings, all of which are supported by the substantial evidence cited by the ALJ, any consideration given to the context of the examination is harmless.

*Credibility*

A claimant may seek to establish that he has a disability through his own testimony regarding pain or other subjective symptoms. *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.*  Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  *Foote,* 67 F.3d at 1562.

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision" (R.35).  The ALJ identified several reasons in support of this finding, noting that Plaintiff worked after the alleged disability onset date and asked her doctor for a written

release to return to full time work (R. 35),³ mental status examinations in the treatment records were insufficient to support the level of limitation alleged (R. 31, 34), GAF scores in the record were mild to moderate (R. 31-33), Plaintiff had stopped taking her morning dose of medication on one occasion (R. 34-35), and Plaintiff gave an inconsistent statement regarding her alcohol use that "slightly erodes her credibility." (R. 35). These findings are supported by the evidence the ALJ cites.

Plaintiff contends that the credibility analysis is nonetheless fatally flawed in that: 1) "the ALJ could not substitute his own interpretation of the mental status findings and GAF scores for those from the treating and examining experts in the medical record;" 2) "It is well known that lack of compliance with treatment is often a symptom of a psychiatric condition rather than an indications [sic] of severity;" 3) her testimony that she does not drink alcohol but last drank a beer two months prior is "hardly inconsistent;" and 4) her attempt to return to work should not be held against her.

As noted by the Commissioner, the ALJ was within his authority to evaluate the medical and other evidence to determine that Plaintiff's claims were not fully credible. 20 C.F.R. § 404.1529(c)(3). To the extent Plaintiff claims her lack of compliance *could* be a symptom of her condition, she cites no evidence to support that such was the case here. Moreover, to the extent Plaintiff's interpretation of her testimony and the impact of her work after alleged onset amounts to an argument that other evidence or other inferences from the evidence could support a different finding, such is not the standard. "The question is not . . . whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r, Soc. Sec. Admin*., 421 F. App'x 935, 939 (11th Cir. 2011). The ALJ provided a detailed analysis of the evidence

---

³The work activity was not deemed "substantial." Nonetheless, the ALJ observed: "Although that work activity did not constitute disqualifying substantial gainful activity, I note that this suggests that the claimant's alleged impairments were not as disabling as alleged and that his [sic] daily activities have been greater than reported. Accordingly, the fact that the claimant's impairments did not prevent the claimant from working at that time strongly suggests that it would not currently prevent work. In fact, the claimant requested from psychiatrist Josette Romain, M.D., clearance for, and a written release to return to full-time work (Exhibit 11F/3)." (R. 24-25).

of record, supplied a rationale for his findings, and these conclusions are supported by the evidence he cites. The fact that other conclusions could be drawn as well is true, but not determinative, as the Court finds the ALJ was not "clearly wrong" in his findings.

*Vocational Expert testimony*

Plaintiff's final contention is that the ALJ's hypothetical question to the VE was flawed in that it failed to explicitly provide for her moderate limitations in concentration, persistence, or pace and social functioning. According to Plaintiff, these moderate difficulties were omitted from the hypothetical relied upon by the ALJ, which only restricted Plaintiff to simple, routine and repetitive tasks with no interactions with the general public unless it is merely superficial and only occasional interactions with coworkers and supervisors (R. 63-64). Citing *Winschel,* Plaintiff contends that the ALJ's "incomplete" hypothetical requires remand as it does not account fully for all of the mental restrictions found in these areas.[4]

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). The Eleventh Circuit has held that an ALJ's hypothetical question must take into account the ALJ's step two finding that a claimant has moderate limitations in maintaining concentration, persistence, and pace, unless the ALJ indicates that the medical evidence suggests that the claimant's ability to work is unaffected by the limitation or the ALJ's question implicitly accounts for the limitation. *See Winschel, supra*, 631 F.3d at 1180-81. To the extent Plaintiff appears to argue that the standard requires rote recitation of the phrase "moderate

---

[4] As correctly noted by the Commissioner, Plaintiff offers no real challenge to the ALJ accounting for her moderate limitations in social functioning by limiting her to "no interaction with the general public unless it is merely superficial, and only occasional interaction with co-workers and supervisors." (Pl.'s Mem. at 23). In fact, she concedes that the ALJ's limitation could account for her moderate limitations in social functioning. *Id.* The Court thus interprets her objection as relating solely to the concentration, persistence and pace limitations.

-11-

limitations in concentration, persistence or pace" in any hypothetical, she is mistaken. As the Eleventh Circuit has stated:

> *Winschel* does not, however, stand for the proposition that an ALJ must intone the magic words concentration, persistence, and pace if the ALJ finds based on the PRT that a claimant has limitations in that broad functional area. Indeed, we noted that an ALJ may account implicitly for those limitations in other ways when crafting a hypothetical. *Id.*

*Hines-Sharp v. Commissioner of Social Sec.,* 511 F. App'x 913, 916 (11th Cir. 2013).

Since *Winschel,* the Eleventh Circuit has repeatedly recognized that a hypothetical question could sufficiently account for a moderate limitation in concentration, persistence or pace by including a restriction to simple or routine tasks, if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite concentration deficiencies. *See Jarrett v. Comm'r, Soc. Sec. Admin.*, 422 F. App'x 869, 872 (11th Cir. 2011); *Syed v. Comm'r, Soc. Sec. Admin.,* 441 F. App'x 632, 635 (11th Cir. 2011); *Washington v. Comm'r, Soc. Sec. Admin.*, 503 F. App'x 881, 883 (11th Cir. 2013); *Scott v. Comm'r, Soc. Sec. Admin.*, 495 F. App'x 27, (11th Cir. 2012); *Jacobs v. Comm'r, Soc. Sec. Admin.*, 520 F. App'x 948, 951 (11th Cir. 2013) ("the ALJ found that the evidence demonstrated that Jacobs retained a limited ability to work despite his depression and associated moderate difficulties in maintaining his concentration, persistence, or pace, and substantial evidence supports this finding. The ALJ's hypothetical questions to the vocational expert fully accounted for Jacobs's moderate difficulties in maintaining his concentration, persistence, or pace by limiting him to one to three step non-complex tasks, consistent with the RFC assessment."); *Timmons v. Comm'r, Soc. Sec. Admin.*, 522 F. App'x 897, 907 (11th Cir. 2013) ("An ALJ's hypothetical question restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence, and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite limitations in concentration, persistence, and pace."); *Hurst v. Comm'r, Soc. Sec. Admin.*, 522 F. App'x 522, 525 (11th Cir. 2013) ("Finally, because the medical evidence

showed that Hurst was capable of completing simple tasks and the ALJ's hypothetical to the VE specified that the individual was capable of simple, routine, repetitive tasks, the hypothetical "sufficiently accounts" for Hurst's moderate limitation in maintaining concentration, persistence, and pace."); *Lee v. Comm'r, Soc. Sec. Admin.*, 551 F. App'x 539, 540-41 (11th Cir. 2014) (ALJ's limitation to simple work accounted for claimant's mental limitations).[5]

Here, as noted above, the medical and other evidence referenced and credited by the ALJ demonstrates that, even with some difficulties in concentration, Plaintiff is able to perform work within the RFC. The ALJ gave significant weight to state psychological consultants Heather T. Hernandez, Ph.D., and Theodore Weber, M. Div, Psy.D. (R. 35). As explained by the ALJ, these consultants opined that Plaintiff had moderate limitations but is capable of sustaining goal directed activity in a *routine* setting with limited social contact (R. 35). This finding is supported by the reports cited, which acknowledge Plaintiff's moderate difficulties with maintaining concentration, persistence, or pace, but provide that Plaintiff could understand, remember, and carry out simple instructions and sustain attention and pace for simple tasks (R. 73, 75, 85, 87, 88). The state agency doctors' opinions constitute substantial evidence to support the ALJ's hypothetical question. *Jarrett*, 422 F. App'x at 872. Therefore, the ALJ's inclusion of a limitation to simple, routine and repetitive tasks in his hypothetical question to the Vocational Expert fully accounted for the limitations in concentration, persistence and pace, and is consistent with *Winschel. See Timmons, supra* (ALJ gave great weight to similar opinions and, "in light of this supporting medical evidence" the ALJ's restriction to simple one-and two-step instructions sufficiently accounted for limitations in concentration, persistence and pace). Proper legal standards were applied.

---

[5]In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. The Court notes the consistency of these panel decisions interpreting *Winschel.*

A final note is in order. While it is clear that Plaintiff is experiencing real difficulties and challenges, the law defines disability as the inability to do *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, the decision must be affirmed.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on August 29, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record